## Scherersville Development Corp. v.
## Township of Whitehall

C.P. of Lehigh County, no. 94-C-2480.

*Thomas J. Maloney,* for plaintiff.
*Jeffrey Bartges,* for defendant.

GARDNER, *J.,* August 18, 1995—This matter is before the court on the action for declaratory judgment complaint filed by plaintiff on October 26, 1994. In that action, plaintiff Scherersville Development Corporation seeks a declaration that the provisions of Ordinance no. 1533 of defendant Township of Whitehall is in contravention of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, art. I, §§101-1202, as amended, 53 P.S. §§10101-11202. Plaintiff also seeks an order requiring the township to accept corporate surety bonds as a form of financial security in connection with approvals of land use subdivision developments.

At the conclusion of oral argument held on this date, August 18, 1995, in open court, in the presence of counsel for the parties, and on the record, we dictated the within bench opinion. For the reasons expressed below, we grant, in part, the declaratory judgment.

This case was presented to the court on a written stipulation of facts filed June 5, 1995, which is incorporated here. According to the stipulation and the agreements of counsel at oral argument, the pertinent facts are as follows. Plaintiff is a residential developer who owns a 35-acre tract of land, known as Peachtree Village, in defendant Whitehall Township.

Over the past 10 years plaintiff has subdivided and built upon the land, including 140 townhouses and 147 apartments, plus 22 single family detached residences.

The corporation applied to the township for permission to do additional development of the tract. The

township has approved the request subject to certain conditions. One condition is that plaintiff post financial security acceptable to the township.

Such security requirements are typical in subdivision developments. The purpose is to protect the township against defaulting developers. For example, typical conditions of such subdivision approval require the developer to construct streets, curbs, sidewalks, storm sewers, water retention ponds, street lights, traffic intersections and so forth. If the developer does not complete that work, the township has an option of completing the work at the expense of the surety, or having the surety complete the work instead.

There are a number of different types of financial security available for such purposes. One of them is the so-called corporate surety bond. A corporate surety bond is a contract whereby one party, the surety, co-obligates itself with a second party, the developer, for the full and complete performance of the developer's obligations, conditioned upon approval by the municipality of the plan. In the event of a default by the developer, the surety, at its option, comes in and completes the work the developer should have done, or pays the municipality sufficient funds for the municipality to complete the work or to hire another contractor to do so.

Another type of financial security available is a letter of credit. A letter of credit is an irrevocable promise by a bank or financial institution to pay a certain sum of money to a third party, the municipality, by a certain date (customarily not more than three days after demand) upon the occurrence or nonoccurrence of a stated event (the completion or failure to complete subdivision improvements by the developer).

Defendant township has a preference for letters of credit. Plaintiff contractor has a preference for corporate surety bonds. For the township, letters of credit are

preferable because they give the township relatively immediate access to funds, so that the township may swiftly complete improvements and so that the taxpayers need not bear any financial burden to do so. The township contends that this is particularly important where the improvement involves a matter of public safety, such as the failure to erect a stop light at an intersection, or the development of a sinkhole in a street.

In such cases, the township's public safety obligations, and potential for liability to injured parties, require the township to act immediately to repair such defects. The township cites examples of corporate sureties delaying completion of improvements, refusing to pay, or tying up the township in lengthy litigation over corporate surety bonds.

The reason why plaintiff prefers corporate surety bonds to letters of credit is not as clear. Plaintiff contends that under present law the township is obligated to consider corporate surety bonds, and a developer should have that option. Plaintiff also cites instances where townships have been tied up in litigation with banks concerning letters of credit.

In order to memorialize its preference for letters of credit, the township, on February 19, 1986, enacted Township of Whitehall Ordinance no. 1533, entitled "an ordinance revising the township's subdivision and land development ordinance to delineate the type of subdivision improvement and maintenance security permitted to assure completion of required improvements." This ordinance is attached as exhibit "C" to plaintiffs' declaratory judgment complaint. One of the recital clauses in the ordinance provides as follows:

"Whereas, the Municipalities Planning Code at section 509 therefore does not require the municipality to approve surety bonds as appropriate security for the completion of subdivision improvements; but only re-

quires the township to accept irrevocable letters of credit or restrictive or escrow accounts. . . ."

Following that introductory language, the ordinance decrees that no development plan will be finally approved unless the required improvements have been installed, "or an irrevocable letter of credit or a restrictive or escrow account established by a federal or Commonwealth chartered lending institution shall have been posted to the township in form acceptable to the township solicitor, for the purpose of securing to the public the completion of any such improvements which are required."

The effect of this ordinance was to eliminate corporate surety bonds as an option for developers to meet their financial security obligations to the township. The ordinance declares, in effect, that corporate surety bonds will never be satisfactory to the township or appropriate for a developer to propose, and, therefore, will never be approved in such matters.

Pursuant to the township ordinance, plaintiff posted a letter of credit satisfactory to the township, but did so "under protest." In so doing, plaintiff specifically reserved the right to contest the township restriction against corporate surety bonds. Plaintiff acted upon that stated intention by filing the declaratory judgment action which is presently before the court.

Initially, the township raises a procedural objection. Specifically, the township contends that plaintiff has failed to comply with the provisions of section 709(a) of the Code. (53 P.S. §10709(a).) That section provides, in pertinent part:

"In the event, however, that tentative approval [of the development plan as submitted] is granted subject to conditions, the landowner may, within 30 days after receiving a copy of the official written communication of the governing body notify such governing body of his refusal to accept all said conditions, in which case,

the governing body shall be deemed to have denied tentative approval of the development plan."

Defendant township contends that plaintiff did not notify it of plaintiff's refusal to accept the financial security conditions of the tentative subdivision approval within 30 days. Accordingly, defendant contends that plaintiff has no standing to bring this action. Plaintiff contends that, under the facts of this case, the 30-day requirement does not apply. Moreover, plaintiff contends that it has complied with that requirement.

The parties have stipulated that there have been a series of phased approvals granted by the township to plaintiff. The parties also agree that the last such approval was granted by township resolution 1800 on January 13, 1995, and finally approved by the township executive on January 16, 1995. (Stipulation of fact no. 10.) We agree with plaintiff that its filing of this declaratory judgment action on October 26, 1994 complies with the requirement to complain of the financial security condition within 30 days of the January 16, 1995 imposition of that condition.

Moreover, we agree with plaintiff that the township has not been surprised or prejudiced in this regard. This is because the plaintiff initially complied with the letter of credit requirement "under protest." In addition, previously, at a public meeting, plaintiff attempted to persuade the township supervisors to revoke Ordinance 1533 and to accept corporate surety bonds. At that time, plaintiff stated many of the legal and factual arguments restated in its declaratory judgment complaint.[1]

---

1. Our ruling that plaintiff has standing to bring this declaratory judgment action renders it unnecessary to rule on plaintiff's contention that plaintiff is not complaining about a "condition" attached to its subdivision approval, and therefore section 709(a) of the Municipalities Planning Code does not apply. In this regard, plaintiff

Both counsel agree that this is a case of first impression and that there are no county or appellate decisions on point. Accordingly, we look to the legislation and the legislative history. Having done so, we agree, in part, with plaintiff.

The legislative dispute between the parties is a narrow one. Each party agrees that the Pennsylvania Municipalities Planning Code permits townships to approve corporate surety bonds. Each party also agrees that under the code a developer may choose a bonding company to post such financial security. (53 P.S. §10509(d).) Each party also agrees that the legislation gives the township discretion to approve or disapprove such proposed security. Each party also agrees that the code dictates that approval of financial security "shall not be unreasonably withheld" by the township. (53 P.S. §10509(c).)

The narrow dispute is as follows. Plaintiff contends that the blanket prohibition on corporate surety bonds constitutes the unreasonable withholding of approval by the township in violation of the code. The township contends, on the other hand, that because letters of credit are more desirable to it for the reasons expressed above, its blanket prohibition of corporate surety bonds does not constitute unreasonable withholding of approval.

We agree with plaintiff in this regard that township Ordinance 1533, to the extent that it precludes any developer from using a corporate surety bond to discharge its financial security obligations, irrespective of the financial soundness and reliability of the surety, contravenes the Municipalities Planning Code, and is, accordingly, illegal. While there may be corporate sure-

---

argues that eliminating corporate surety bonds was not a condition of plaintiff's development approval. Rather, it was a township law applicable to all developers.

ties who are financially unstable, unreliable, slow in performing, and litigious, there are a number of others which are equally reliable, prompt, responsible, and cooperative. To refuse to permit a developer the right to post security with a reliable corporate surety, because others are unreliable, is sufficiently arbitrary to constitute unreasonably withholding approval of financial security in violation of the code.

While the history of amendments to section 509 of the code (53 P.S. §10509) is somewhat tortuous, it is clear from those amendments, the present statute, and the legislative history, that the legislature intended to retain corporate surety bonds as an appropriate option for the posting of financial security.

Briefly, the legislative history is that in 1968, section 509 was originally enacted to protect townships against defaulting developers. That act specifically provided for posting of corporate surety bonds as one of the types of financial security which could be posted. Also in 1968, the present sections 510 and 511 were added to the statute. (53 P.S. §§10510 and 10511.) Section 510 discusses release from improvement bonds and section 511 discusses remedies to effect completion of improvements.

In 1978 an amendment to section 509 was enacted changing from "may" to "shall" the fact that a corporate bond or other financial security must be deposited with the municipality. The amendment retained the designation "corporate bond," added "financial" to the phrase "other financial security" and added language defining "financial security" as follows: "which financial security may include among others, a lending institution letter of credit or a restrictive or escrow account in a lending institution."

In 1980, a clarifying amendment was enacted. Finally in 1988, the current version of section 509 was adopted.

It eliminated the reference to "corporate bond." The current section 509 provides, in part, as follows:

"(c) Without limitation as to other types of financial security which the municipality may approve, which approval shall not be unreasonably withheld, federal or Commonwealth chartered lending institution irrevocable letters of credit and restrictive or escrow accounts in such lending institutions shall be deemed acceptable financial security for the purposes of this section.

"(d) Such financial security shall be posted with a bonding company or federal or Commonwealth chartered lending institution chosen by the party posting the financial security, provided said bonding company or lending institution is authorized to conduct such business within the Commonwealth.

"(e) Such bond, or other security shall provide for, and secure to the public, the completion of any improvements which may be required on or before the date fixed in the formal action of approval or accompanying agreement for completion of the improvements."

Although the legislature eliminated a reference to "corporate bond" in section 509(c) it is clear from a reading of that entire section and two subsequent sections that corporate surety bonds are still valid and permissible. For example, section 509(c) authorizing letters of credit indicates that it is doing so "[w]ithout limitation as to other types of financial security." Section 509(d) provides that "Such financial security shall be posted with a *bonding company* . . . chosen by the party posting the financial security." (emphasis added) Section 509(e) speaks of "Such *bond,* or other security." (emphasis added)

Similarly, section 510(c) refers to "performance guaranty *bond* or other security agreement." (emphasis added) Section 511 provides, "the municipality is

hereby granted the power to enforce any *corporate bond,* or other security. . . . If proceeds of such *bond,* or other security are insufficient . . . the municipality may [complete the improvements or sue to collect] . . . ." (emphasis added)

Finally, we believe that the above statutory language makes it clear that corporate bonds remain appropriate security in such cases. However, to the extent that the language of the Municipalities Planning Code is ambiguous in this regard, the intention of the legislature may be determined by considering the contemporaneous legislative history. See Pennsylvania Statutory Construction Act of 1992, 1 Pa.C.S. §1921(c)(7). The only legislative history cited to the undersigned includes brief remarks from State Representative Marvin Miller of Lancaster County made from the floor of the Pennsylvania House of Representatives on April 18, 1978 prior to unanimous passage (193-0) of the 1978 amendment referred to above. Mr. Miller's remarks from the floor were as follows:

"In the piece of legislation before us, SB 844, there is a provision for deposit with the municipality for work to be performed, a requirement for '. . . a corporate bond, or other financial security. . . .' That is line 10, page 2 of the bill.

"It is the feeling of this member that perhaps municipalities may wish a bit of further direction besides merely the general clause, 'or other financial security.'

"The amendment simply proposes a permissive piece of 'may' language which says, 'Other financial security may include, among others, a lending institution letter of credit or a restrictive or escrow account in a lending institution.'

"The purpose is quite simply to provide our good friends in administering local government a bit of guidance as to what is permissible."

Having concluded, for the above reasons, that the township Ordinance 1533 is in contravention to the Municipalities Planning Code, we grant declaratory judgment and declare that the ordinance, to the extent that it prohibits any consideration of corporate surety bonds, is void and of no effect. To that extent, we grant declaratory judgment.

However, in addition to the above relief plaintiff seeks an order requiring the township to "accept" such a form of financial security. We believe that request goes too far.

As we interpret the Municipalities Planning Code, developers have the legal option to propose corporate surety bonds, and the township must consider them. (To that extent, we grant declaratory judgment.) Moreover, the Municipalities Planning Code provides that approval of corporate surety bonds "shall not be unreasonably withheld" by the township. (To that extent, we also grant declaratory judgment relief.)

However, the sense of our ruling is that when corporate surety bonds are proposed, the township must review them on a case-by-case basis, and may not participate in a blanket rejection of all such bonds. If the bonding company is reliable, financially sound and reasonably prompt in performance historically, to disapprove such surety would be unreasonable and illegal. The initial discretion, however, to accept or reject each individual bonding company, still lies with the township.

To the extent that plaintiff's request for declaratory relief could be read to require approval of any particular bonding company, as opposed to giving fair consid-

eration to bonding companies on a case-by-case basis, we decline to grant declaratory judgment to that extent.

For all the foregoing reasons, we grant, in part, plaintiff's complaint for declaratory judgment.

## ORDER

And now, August 18, 1995, upon consideration of the action for declaratory judgment complaint filed by plaintiff on October 26, 1994, upon consideration of the briefs of the parties, after oral argument held this date, and for the reasons expressed in the accompanying bench opinion, it is ordered that plaintiff's declaratory judgment complaint is granted, in part, consistent with the accompanying opinion.

We further hereby order and declare that the provisions of Whitehall Township Ordinance no. 1533, enacted February 19, 1986, are in contravention of the Pennsylvania Municipalities Planning Code and have no force and effect and are declared invalid to the extent that the ordinance prohibits consideration of the posting of corporate surety bonds by developers in discharge of their financial security obligations in connection with subdivision developments in the township.

## ORDER

And now, August 18, 1995, upon consideration of the motion for summary judgment submitted by defendant, the Township of Whitehall, filed May 26, 1995, and by agreement of counsel, it appearing that the matters raised therein were fully litigated this date in our ruling upon plaintiff's action for declaratory judgment complaint filed October 26, 1994, it is ordered that the motion for summary judgment is withdrawn.